IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60313
Summary Calendar
_____

DONALD PLUMMER,

Plaintiff-Appellant,

versus

MISSISSIPPI STATE DEPARTMENT OF HEALTH,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:00-CV-551-BN)
--------------------
November 7, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Donald Plummer is a black male who, while employed by the Mississippi State Department of Health ("MSDH") as a data processing programmer, was one of fourteen applicants interviewed for a vacancy in the position of Senior Network Specialist. After a white male applicant, Charlie Davis, was selected for the position, Plummer filed administrative complaints with Mississippi's Employee Appeals Board ("EAB") and the Equal Employment Opportunity Commission ("EEOC"), alleging racial-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination violations of Title VII for failure to promote. When neither the EAB nor the EEOC found any basis for Plummer's claims, he filed the instant suit. Eventually, the district court granted MSDH's motion for dismissal or, alternatively, summary judgment, dismissing Plummer's federal claims with prejudice and his state claims without prejudice. We affirm the court's grant of summary judgment.

We have reviewed the Opinion and Order filed by the district court on March 6, 2002, granting MSDH's alternative motion, as well as the entire record on appeal (including, without limitation, all affidavits and the Order of the EAB filed October 5, 2000); and we have carefully considered the arguments and legal citations in the appellate briefs of the parties. As a result of our review we are satisfied that the district court correctly granted summary judgment.

In its analysis, the district court followed the well-known burden-shifting minuet established by the Supreme Court's precedent and ours to reach the conclusion that — even if the court were to assume without granting that Plummer made a prima facie case for any or all of the Title VII and § 1983 claims he advances — the overwhelming summary judgment evidence of the legitimate, non-discriminatory reasons given by the MSDH for promoting Davis rather than Plummer or any of the other applicants, in combination with the total absence of evidence of racial animus (other than Plummer's own conclusional assertions), supports the court's

2

rulings. And, as the district court's Opinion and Order carefully, logically, and fully lays out the material facts that are not genuinely disputed, as well as the law applicable to the case, it would be a waste of paper and judicial resources for us to reiterate the same facts, law, reasoning, and conclusion. Instead, for essentially the same reasons and reasoning expressed by the district court, its judgment is, in all respects,

AFFIRMED.